## MOORE v. THE INDEPENDENT DISTRICT OF TOLEDO CITY.

1. **School District: POWERS OF DIRECTORS: RIGHT TO COMPENSATION.** The board of directors of an independent district have no power to employ one of their number to oversee the completion of a school-house abandoned by the contractor, and bind the district for his payment, nor can he recover from the district for services so rendered.

TUESDAY, APRIL 19.

*Appeal from Tama District Court.*

ACTION on a school order drawn by defendant upon its treasurer, payable to the plaintiff. Judgment for the plaintiff and the defendant appeals.

*Stivers & Bradshaw,* for appellant.

*Struble & Kinne,* for appellee.

SEEVERS, J.—The undisputed or admitted facts appearing of record are that the defendant, being duly authorized by the directors, let a contract to one Billings to erect a school-house for the defendant, the contract price being twelve thousand dollars. Billings gave a bond for the due performance of the contract and commenced the erection of the building, but because of his insolvency was unable to complete it. Thereupon the defendant's board of directors caused the necessary materials to be purchased and employed laborers to complete the building. In so doing the board expended more than three thousand dollars in excess of the amount that had been expended by Billings. The plaintiff was a member of the board and the order sued on was given him for services performed as one of a committee appointed by the board to "oversee the work and carry the building on to completion."

The amount in controversy being less than one hundred dollars, the trial judge certified the following questions upon which it is said it is desirable to have the opinion of this court.

1. Whether the directors of an independent school district can complete the erection of a school house after it has been abandoned by a contractor, by employing workmen therefor by the day, and purchasing the necessary material by the piece, when the cost of such completion is more than six thousand dollars.

2. And whether said district can employ one of its directors to oversee such workmen and to purchase such material, and make the district liable to such director for his services under such employment.

3. Whether an independent school district is liable to one of its directors for services rendered by said director in and about the hiring of hands, and purchasing material for the completion and erection of a school-house in its district, when no contract was made or let for its completion, and the cost of the completion exceeded six thousand dollars.

We have made the foregoing statement of the facts to the end that it may clearly appear the first question does not properly arise on the record before us. Its determination either in the affirmative or negative, in the view we take, would not necessarily determine the plaintiff's right to recover. The probabilities are it was inadvertently certified. If mistaken in this, and the object was to have determined in this action the rights of the brick mason or carpenter, we do not think it is proper to do so. Our legitimate duties require all our time. We cannot, therefore, be called upon to decide abstract questions not necessary to a decision of the case before us. Besides this, it would be manifestly unjust to determine in this action whether the brick mason or carpenter can recover. They have the right to be heard before the question as to them is even considered. They may make a different showing, and certain it is, we think, their right to recover depends upon different principles, and in no manner depends upon that of the plaintiff. Therefore nothing said herein should be construed as prejudicial to the first question, whenever it shall be properly presented.

The real question to be determined is whether the board of directors of a school district have the power to contract with each other, or employ one of their number as a committee to "oversee" the erection of a partially completed school-house, the erection of which had been duly authorized by the electors, and let to a contractor as contemplated by statute, but who had failed to complete the same, as he contracted to do; and if so, whether the member of the board so employed is entitled to compensation.

*1. SCHOOL DISTRICT: powers of directors: right to compensation.*

School districts may for the purposes of this case be designated as public corporations, possessing certain powers which are defined by statute. The board of directors, therefore, are public officers, whose duties are also defined by statute. Being such they are only entitled to such compensation for the performance of their prescribed duties as is fixed by statute. *Upton v. The County of. Clinton,* 52 Iowa, 311. Our attention has not been called to any statute which provides compensation for performance of the statutory duties by the directors. On the contrary it is provided they shall not "receive pay out of the school funds" for services rendered under the chapter of the Code defining their duties. Code, § 1738.

It is made the duty of the board to "make all contracts, purchases, payments and sales necessary to carry out any vote of the district." Code § 1723. It is under this section the directors claim the right and power to complete a school-house which has been partially erected and abandoned by the contractor. It was clearly their duty to complete the building, which had been duly authorized by the electors, but the statute expressly declares for so doing they shall not recover any compensation out of the school funds, and the district does not control or have any other funds. The order in question is drawn on, and payable out of, the contingent school fund.

It follows if the board of directors had done what the plaintiff did they could not recover any compensation therefor;

The statute cannot be evaded by the appointment of the board, or one of their number, as a committee to perform duties enjoined by the statute on the board, and because of such appointment, and the performance of services, the person or persons so appointed receive compensation.

What has been said is decisive as to the right of the plaintiff to recover. We are not required to determine any other question which has been discussed by counsel.

REVERSED.