CHARLES WEITZ, Appellee, v. INDEPENDENT DISTRICT
OF DES MOINES *et al.*, Appellants.

School Districts: CONTRACT TO PAY DIRECTOR FOR SERVICES VOID:
INJUNCTION BY TAXPAYER: RECOVERY OF MONEY PAID. An agreement
by the board of directors of a school district to employ one of their
number as superintendent of the construction of a school building,
though entered into in good faith, is not only voidable, but void, as
being against public policy; and where a taxpayer, prior to the per-
formance of the services under such a contract, began an action
against the district, its directors and the one thus employed, praying
that the performance of the contract be enjoined, and that, if it be
found that any money had been paid thereunder, an order be made
requiring the directors and their employee to pay it back to the dis-
trict, but no temporary injunction was issued, and prior to the hearing
of the cause the services contracted for had been rendered and partly
paid for, *held*, that the plaintiff was entitled to a decree according to
his prayer.

*Appeal from Polk District Court.*—HON. MARCUS
KAVANAGH, JR., Judge.

THURSDAY, JANUARY 19, 1893.

THIS is an action in equity by which the plaintiff,
who is a resident and taxpayer in the independent dis-
trict of Des Moines, seeks by proper decree to enjoin
the said school district and the other defendants, who
are its directors, secretary and treasurer, from carrying
out and performing an alleged contract with the defend-
ant F. S. Whiting, a member of said board, by which
the said board employed said Whiting to superintend
the erection of a schoolhouse in said district. There
was a decree for the plaintiff, and defendants appeal.—
*Modified and affirmed.*

*St. John & Stevenson*, for appellants.

*W. G. Harvison*, for appellee.

ROTHROCK, J.—The cause has once before been in this court, upon an appeal by the plaintiff from an order sustaining a demurrer to the petition. See 78 Iowa, 37. The order was reversed, and the cause remanded. The defendants answered the petition, and a trial was had on the merits. It was held on the former appeal that an agreement by the board of directors of an independent school district to employ one of the directors as superintendent of the construction of a school building is void, and that its performance may be restrained and enjoined by a taxpayer without any showing that there was actual fraud upon the part of the parties to the contract. The defendant sought by the introduction of evidence to avoid the effect of the former opinion in the case, by showing that the defendant Whiting is an experienced architect and builder, which was known to such board of directors, and said board was desirous of securing his services in the interest and for the benefit of the district; and that said Whiting gave the work on said building his constant and faithful attention for the agreed compensation of two per cent. of the cost price of said building; and that such services were actually necessary in order to secure the proper construction of the building. It is argued and strenuously contended by counsel for the defendants that such a contract as this is voidable by the district, and not absolutely void; or that it is *prima facie* void, but may be made valid by showing that it was entered into by the parties thereto in good faith, was faithfully performed by the contractor, and that it should not in equity be repudiated by the district. It may be that if the taxpayers of this district had remained silent, and made no sign of disapproval until the contract was performed and the services fully rendered, it should not be held that the district should profit by the labor and skill of Whiting without compensation. But it is not necessary to determine that question in this case. We

may refer, however, to the case of *Moore v. Independent District*, 55 Iowa, 654, where it was held that a member of the board of directors of a school district, who was employed to superintend the construction of a schoolhouse, had no right to recover from the district for services so rendered. That was an action upon a school order drawn by the district, and payable to said director for his services. The case at bar presents no equitable considerations upon which the contract can be sustained, or upon which compensation can be made to Whiting for his services. There is nothing akin to estoppel in the whole record. Indeed, we regard the former opinion in the case as decisive of every question now presented; but that the rights of the parties may be fairly understood, we will recite some facts which we regard as of controlling importance.

The contract for the building of the schoolhouse was entered into on the twenty-first day of June, 1888, and at the same time the members of the board resolved that they would employ Whiting as superintendent of construction, and his compensation was fixed at two per cent. of the cost of the building. Whiting was present at this meeting in his capacity as director, but did not vote on the resolution. This action was commenced on the first day of August, 1888, which was about six weeks after Whiting was employed by the board. The prayer of the petition was as follows: "Wherefore plaintiff prays that said district and its officers aforesaid may be made parties defendant in this action, and be required to make full and complete answer to the complaint of plaintiff herein, and, further, that an injunction issue, restraining and enjoining the officers of said district, defendants aforesaid, from paying the defendant Whiting out of the funds of said district, either directly or indirectly, any money or property on said contract; and, if it shall appear on the hearing hereof that any payments have

been made to the defendant Whiting on said contract, that the court order and direct said directors, and particularly the defendant Whiting, to pay or refund to the treasurer of said district any and all funds to said Whiting paid under said contract; and plaintiff asks for all such further orders, judgment, decrees, and general relief as he may, in equity, appear entitled to on the hearing hereof, and as in duty bound," etc. No temporary injunction was issued, but the suit itself was sufficient to charge every officer who was made defendant with notice that the question as to the validity of the contract was presented to the courts for determination. The evidence shows that the architects of the building would have given full superintendence of the construction thereof for the same compensation as that allowed the defendant Whiting; but, with the suit pending, the defendant Whiting continued the superintendency for about one year, and until the building was completed, for which he was paid from the treasury of the district over $900 after this suit was commenced.

Something is claimed by the appellants on the ground that the district court determined, on demurrer to the petition, that the contract was valid; but the cause was promptly appealed, and the ruling on the demurrer was reversed. The whole record shows that the board of directors, including Whiting, took their chances upon the result of a lawsuit, when they might have abandoned the invalid contract before any considerable costs were incurred or labor performed under the contract, and without any prejudice to the district. Instead of so doing, the board of directors employed counsel in the case to defend the action in behalf of the district.

No other facts are necessary to be cited. It is apparent that there are no equitable considerations which require that this contract should be recognized

or enforced. It is possible that the district would not be prejudiced by paying Whiting for his services. But that is not the question to be determined. If the way be opened by a decision of this court by which officers of counties, cities, incorporated towns and school districts may let contracts to themselves, and recover thereon by showing that the contract was beneficial to the corporation, it would lead to the grossest abuses. We desire to add nothing to what is said upon that subject in the former opinion in this case. The defendants admitted in their answer that the board of directors had "paid to said Whiting at intervals the entire compensation agreed to be paid him for his services, except a small balance." This answer was filed on the fourth day of February, 1890. Whether the balance has since been paid does not appear. The contract price for the erection of the building was fifty-two thousand, four hundred and twenty-five dollars. Two per cent. of that amount would make the compensation of Whiting amount to one thousand and forty-nine dollars. He claims in his testimony that the whole amount under his contract is "in the neighborhood of one thousand, three hundred dollars." The plaintiff excepted to the decree because the court did not order the money received by Whiting to be returned to the treasury of the district. Such an order should have been made. The defendant directors can not be allowed to use the name of the district to defeat the action by paying the money to Whiting while the suit is pending, and then set up the claim that the action must fail because a taxpayer has no right to complain. We held in the former appeal that he had such right. In view of the fact that the evidence is not certain as to the exact amount paid to Whiting, we can not render a judgment for any amount; but the decree in this court will direct, in general terms, that the full amount which has been paid to Whiting shall be refunded and

paid back to the treasury of the school district within sixty days. The decree will be thus modified on the plaintiff's appeal, and on defendant's appeal it is AFFIRMED.

GIVEN, J., took no part in the decision of this case.