SCHAFER v. SCHOOL DISTRICT NO. 1 OF BARAGA.

SCHOOLS AND SCHOOL DISTRICTS—BOARD OF EDUCATION—SPECIAL
MEETINGS—NOTICE.

  Under section 6 of the statute relating to township school dis-
    tricts in the Upper Peninsula (Act No. 176, Pub. Acts 1891 ),
    which authorizes special meetings of the board of education
    to be called by giving at least three days' notice to each
    member of the board "if within the district," action taken
    at a meeting called upon a shorter notice, which was not
    attended by one of the members, is invalid, even though the
    absent member was not within the district when the meeting
    was called or held.

Error to Baraga; Hubbell, J. Submitted January 25,
1898. Decided March 15, 1898.

*Assumpsit* by William C. Schafer against School Dis-
trict No. 1 of Baraga for the breach of a contract of em-
ployment. From a judgment for defendant on verdict
directed by the court, plaintiff brings error. Affirmed.

*S. W. Shaull* (*Thomas & Collingwood* and *Ellis &
Nichols*, of counsel), for appellant.

*Allen F. Rees*, for appellee.

MOORE, J. Plaintiff sued to recover for a breach of
contract made March 1, 1893, which he claims authorized
him to teach the school of defendant for the school year
commencing September 4, 1893. In the circuit court a
verdict was directed in favor of the school district.
Plaintiff appeals.

The resolution authorizing the making of the contract
was adopted at a special meeting of the board of educa-
tion, called upon a two-days notice, held March 1st.
This notice was served upon four members of the board,
all of whom were present. It was not served upon the

fifth member of the board, who was absent from the school district the day the notice was issued, and did not return until the day after the meeting was held. The resolution authorizing the making of the contract received the votes of but two of the members of the board who attended the meeting. The record does not show that the other two members voted at all. The statute authorizing the holding of special meetings of the board required at least a three-days notice to be given. Act No. 176, Pub. Acts 1891, § 6. If the three-days notice required by the statute had been given, the fifth member of the board would have been at home when the meeting was held. In 1 Dill. Mun. Corp. § 264, it is said:

"Such great importance is attached to notice that it can only be waived by universal consent; but if every member of a select body be present at a regular or stated meeting, or at a special meeting, they may, if every one consents, but not otherwise, transact any business, ordinary or extraordinary, though no notice was given, or an insufficient notice."

It is conceded that the notice was insufficient, and that one member of the board was not present. The board had no authority, in the absence of one of the members, to authorize the making of this contract at this meeting.

It is not necessary to discuss the other questions presented in plaintiff's brief, for the reason that the argument proceeds upon an assumption of facts shown by the record not to exist.

Judgment is affirmed.

The other Justices concurred.