W. J. HANNA, Plaintiff and Appellant, v. J. H. WRIGHT, Defendant, and the SCHOOL TOWNSHIP OF BEAVER, DALLAS COUNTY, IOWA, Defendant and Appellant.

**School Township Contracts:** SPECIAL MEETING. *Presumptions.* That a contract by a school township was made at a special meeting, of which no notice was given, is immaterial, all the members of the board being present, as it will be assumed was the case.

ORDERS WHILE NO MONEY IN CONTINGENT FUND. Under Code, section 2783, providing that a school township may purchase books to a certain amount, and shall provide by levy of contingent fund therefor, the board may order books though no contingent funds are on hand at the time.

Judgment on Pleadings.    Plaintiff, in an action against W. and a school township on an order for books signed "W., President School Board," is not entitled to judgment on the pleadings against W., he answering that neither of the parties intended he should be personally bound, but only the township and, if the contract was written so as to bind him, it was due to mutual mistake, and reformation of the contract being asked.

*Appeal from Dallas District Court.*—HON. A. W. WILKINSON, Judge.

THURSDAY, APRIL 10, 1902.

ACTION on a written order for an atlas and some maps. The trial court rendered judgment on the pleadings against the school district, and dismissed the petition as to Wright. Both plaintiff and the school district appeal.—*Affirmed.*

*Shortley & Harpel* and *R. S. Barr* for plaintiff.

*White & Clark* for defendants.

DEEMER, J.—The action is bottomed upon an order in writing, of which the following is a true copy: "September 30, 1890. I, the undersigned, agree to take nine copies of Cram's Universal Atlas of the World, ½ Mor. binding, and on delivery of the Atlas 9 set, 4 maps, at Perry, Iowa, I agree to pay $153.00 to the order of W. J. Hanna. [Signed] J. H. Wright, President School Board. Address: Perry, Iowa." Indorsed: "This order is for the school district, township of Beaver, to be paid one year from date." Defendant pleaded in answer that Wright was president of the school township at the time the order was executed; that there was no money in the treasury belonging to the township, except $41, which

was already appropriated; that plaintiff falsely represented that Wright and the school board had a right to purchase supplies for the township; that defendants were ignorant of the law, and relied on the plaintiff's statements; that it was not proposed to sell the supplies to Wright on his individual account, or in any other manner than as acting for the school township and as president of the board; that plaintiff was informed and well understood that it was proposed by Wright not to bind himself individually, but the school township, if he might legally do so; that the instrument, if so signed as to bind Wright personally, instead of the school township, was the result of fraudulent representations or mutual mistake of all the parties; that the order was not executed by the school board, but that the pretended meeting at which the execution of the order was authorized was a specially called one no notice of which was given the members, which was well known to plaintiff. Plaintiff filed a motion for judgment on these pleadings, with the result heretofore stated. Claim is made that the court erred in dismissing the case as to Wright. This contention is based on the proposition that the words following his name are simply "*descripto personae,*" and that the order imports a personal obligation on his part to pay for the goods. Some of our cases sustain plaintiff's contention, but the court, as now constituted, has grave doubts of the correctness of those decisions. However, it is not necessary at this time to reconsider them, as the allegations of the answer clearly bring this case within the rule announced in *Lee v. Percival,* 85 Iowa, 640, and other like cases. It is alleged in the answer that neither of the parties intended that Wright should be personally bound, and that, if the contract is so written as to bind him, it was due to mutual mistake; that the promise or order was executed with respect to corporate business, and with intent to bind the school township, and no one else. This being true, the court was right in holding that plaintiff was not entitled to a judgment against Wright on the pleadings. To avoid misappre-

hension, it is perhaps well to state that Wright asked for reformation of the instrument to make it conform to the in-tent of the parties.

II.    The school township presents two defenses:   (1) That the order is invalid, because authorized at a specially called meeting of the board, of which the members were not notified; (2) that, as there were no contingent funds on hand, the township had no authority to contract an indebtedness. The first proposition is without merit. That the meeting was a special or called one is entirely immaterial. For aught that appears from the answer, the meeting may have been called for the very purpose of authorizing the order. That no notice of the meeting was given is of no consequence, provided all the members were in attendance at the meeting. There is no statement that any members of the board were absent, and as defendants, impliedly at least, admit there was a meeting of the board, we must assume, in the absence of allegations to the contrary, that all the members were present. The second proposition is of more difficulty. Under the law as it existed prior to the adoption of the Code of 1897 there is no doubt of the defendants' position. But that Code so modified section 1729 of the Code of 1873 that we think the defendant township is liable, although it had no contingent fund on hand at the time it made the order. The material part of section 2783 of the present Code reads as follows: "School townships may purchase dictionaries, library books, maps, charts, and apparatus for the use of the schools thereof to an amount not exceeding $25.00, in any one year for each school room under its charge,   *   *   *   and shall provide by levy of contingent fund therefor." There is nothing here limiting the power of the school township except as to the extent of the indebtedness it may incur, and it will be noticed that the school township does not, in its answer, bring the case within this exception. But the township insists that notwith-

standing the change, it had no power to incur a debt; that it possessed only such powers as were expressly given or necessarily implied from those given. This last proposition may be conceded, yet we think it had power, in virtue of the section quoted, to incur a debt for property which it was expressly authorized to purchase. *Mullarkey v. Town of Cedar Falls,* 19 Iowa, 21. As the board was authorized to purchase, and to levy and provide a fund to meet the amount of the purchase, we think there was express power to make the order.

The judgment is correct on both appeals, and it is AFFIRMED.