HANEY SCHOOL FURNITURE CO. v. SCHOOL DISTRICT NO. 1 OF CRYSTAL LAKE TOWNSHIP.

SCHOOL DISTRICTS—CONTRACTS—RATIFICATION—EVIDENCE—SUFFICIENCY—INTEREST—RIGHT TO RECOVER.

> Defendant school district, through its moderator and director, entered into a written contract with plaintiff for a large quantity of school furniture. The goods were delivered, accepted, and used without objection, and payments made thereon. At the annual meeting following the execution of the contract, it was brought before the voters, and no objection made thereto. A warrant was issued and negotiated for the balance due under the contract, payable at a future day, with interest, and the principal sum was subsequently paid by the assessor out of the general fund of the district, and such payment approved by the district. *Held*, that, although there was no formal authorization of the contract, an adoption and ratification were established, so as to entitle plaintiff to recover the unpaid interest on the warrant.

133 MICH.—16.

Error to Benzie; Chittenden, J. Submitted April 10, 1903. (Docket No. 36.) Decided May 12, 1903.

*Assumpsit* by the Haney School Furniture Company against school district No. 1 of Crystal Lake township to recover interest on a warrant issued by defendant. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

Plaintiff and defendant, through its moderator and director, entered into a written contract for 400 school desks and other articles, dated August 27, 1894. The plaintiff delivered the goods. They were accepted, and have remained in its possession and use to the present time without objection or complaint. The defendant paid the freight on a portion of the property, such freight being allowed as part payment upon the contract. The price agreed upon was $2,165.13. The first meeting held after this contract was executed was the annual school meeting on July 9, 1895, when the following motion was made:

"Moved by Mr. Warner, supported by Mr. Wood, that we raise $1,150 to make payment on school seats and furniture to Haney School Furniture Co. Motion lost."

Several payments were made by the district, and on September 11, 1895, the balance due was $1,099.25, for which a warrant was issued, payable February 1, 1896, with interest at 6 per cent. The warrant was subsequently assigned to the Old National Bank of Grand Rapids, Mich., was sent to the Benzie County Bank, at Frankfort, for collection, and the principal was paid by the assessor out of the general funds of the district. This suit was instituted to recover the interest, $174.01. The court directed verdict and judgment for the plaintiff.

*N. A. Parker* and *D. G. F. Warner*, for appellant.

*Parm C. Gilbert*, for appellee.

GRANT, J. (*after stating the facts*). The defense is that the school district had taken no affirmative action

authorizing the contract in question, and this is conceded. We think that a formal authorization, under the undisputed facts, was not essential. The contract was made by the officers of the district. The furniture was delivered, accepted, and used. We think that it is conclusively established that the contract was adopted and ratified by the district. At the annual meeting following, this contract was brought before the voters of the district, and no objection was made to it. At the same meeting a committee of five was appointed to investigate the expenditure of moneys appropriated and expended, and report at some future time. It does not appear that any report was made. Payments were made, and finally a settlement was made, for which the warrant in suit was given. The entire principal was paid, and the payments reported to the district, approved, and adopted. If the principal was due, the interest was also due. The defendant cannot recognize the contract to be valid as to the principal, and invalid as to the interest. We think the court was correct in directing a verdict. *Jones* v. *School District*, 110 Mich. 363 (68 N. W. 222).

Judgment affirmed.

The other Justices concurred.