# CHARLESTON.

BOARD OF EDUCATION OF ELK DISTRICT *v.* HARVEY.

Submitted September 8, 1910.   Decided March 12, 1912.

1.   WITNESSES—*Competency—Transactions with Decedent.*
     A party to a suit is competent to testify in his own behalf, against a board of education, in relation to a personal transaction between himself and a deceased member of such board. (p. 481).

2.   SCHOOLS AND SCHOOL DISTRICTS—*Board of Education—Appointment of Agent.*
     A board of education, at a regular meeting, may lawfully appoint one of its members its agent to procure necessary ground on which to erect a public school house;   and, if such agent, acting within the scope of his authority, procure a lease of ground; upon reasonable terms with a landowner, he thereby binds his principal. (p. 482).

3.   PRINCIPAL AND AGENT—*Authority of Agent.*
     Authority to an agent to procure a lease of ground carries implied power to agree with the landowner upon the terms of the lease.   (p. 482).

4.   SCHOOLS AND SCHOOL DISTRICTS—*Contracts by Agent—Ratification.*
     If a board of education erect a school house upon ground, acquired for it by its duly appointed agent, and use it for public school purposes for a term of years, it thereby impliedly ratifies the contract made by its agent with the landowner, provided its terms be such as the board itself could lawfully make.   (p. 482).

Error to Circuit Court, Mineral County.

Action by the Board of Education of Elk District, Mineral county, against Martha T. Harvey.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*William MacDonald,* for plaintiff in error.

*F. C. Reynolds,* for defendant in error.

WILLIAMS, JUDGE:

The Board of Education of Elk District, Mineral county,

sued Mrs. Martha Harvey before a justice of the peace for the value of a public school house, and obtained judgment. Mrs. Harvey appealed to the circuit court, and, on a new trial therein had, the court directed a verdict for defendant, and entered judgment thereon, and plaintiff has brought the case here on writ of error.

. The school house had been built on defendant's lot by the board of education about eighteen years before this suit was instituted, but had not been used for public school purposes for about four years. Just before the bringing of the suit, the board of education had advertised the school house for sale, whereupon defendant took possession of it, claiming it as her property. No deed of sale, or lease, was made to the board of education for the lot on which the school house was built, and no memorandum of any agreement with Mrs. Harvey appears upon its records. The only evidence of any agreement between them is the testimony of Mrs. Harvey who says that Steven Dixon, her brother, who was at that time president of the board of education, orally agreed with her, that, if she would permit them to erect the school house upon her lot, she might have the building whenever it ceased to be used for school house purposes; and that she received no other consideration for the use of the lot. This testimony is not denied. But objection is made to it on the ground that, Dixon being dead, Mrs. Harvey is not a competent witness to prove the personal transaction between them. This objection is not well taken. Sec. 23, ch. 130, Code 1906, removes the common law disability upon parties to suits, and permits them to testify in their own behalf, except in relation to certain matters, when such matters are to be used as evidence against certain designated persons. But the testimony in this case does not fall within the exception. True, Mrs. Harvey is a party to the suit, and her testimony relates to a personal transaction had with a person who was deceased at the time her testimony is given. But these circumstances alone do not disqualify her. There is still another qualification which must exist before her testimony would be rendered inadmissible, and that is, that it must be *against* a person who stands in a certain designated relation to the deceased person with whom the personal transaction was had. If the testimony is not against such a person

it is clearly admissible under the broad enabling provision of the statute. Before Mrs. Harvey's testimony could be excluded, it would have to appear that it was evidence against "the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor" of Steven Dixon. The board of education occupies none of these relations to one of its deceased members. Mrs. Harvey was, therefore, competent to testify concerning the oral agreement between herself and the deceased prsident of the board of education.

But counsel for plaintiff in error insist that a board of education can only act collectively, and that one member can not make a contract binding the board. This is generally true. But may it not have ratified the contract made between defendant and its deceased president? The contract proven by defendant's testimony is clearly such a contract as the board had power to make. Plaintiff says there is no proof that it made the contract. But it does not deny that its president made it for its benefit. Did Dixon not act as agent for the board in making the agreement, and did it not subsequently ratify it? A board of education, like any other corporation, may act through its agent, and if the act be one the board itself can lawfully perform, and the agent do not exceed the limits of that power delegated to him, in performing it, he thereby binds his principal. 35 Cyc. 963. Witness I. E. Oats, who was a member of the board of education when the school house was built, and was also a member at the time this case was tried in the court below, testifies that, at a board meeting they decided to build the school house, and that Mr. Dixon remarked that he would procure the lot on which to build it; that Mr. Dixon told them afterwards that he had procured the lot; but in what way witness did not know. Witness was then asked if the board had ever acted upon any terms respecting the lot, and answered: "No; never anything said, we left it to him to get the lot, and he simply told us he had gotten it." This proves that the board constituted Dixon its agent for the purpose of acquiring the lot, and vested him with the power, necessarily incident thereto, to agree upon the terms with the owner of the lot. The subsequent erection of the school house on the lot, and the continued occupancy of it for a period of sixteen or eighteen years was an implied ratifica-

tion of the contract made by Dixon. If Dixon did not report the terms of the contract made with defendant to the board of education at a meeting for ratification, it was simply the case of a failure of the agent to make full report to his principal, a matter for which defendant is in no sense responsible. The board had constructive, if not actual, notice of the terms of the contract. Because its own agent, acting within the scope of his powers, had made the terms. Moreover, the contract, thus informally made by its agent, was ratified by the board by accepting its benefits. It immediately thereafter erected a school house, and used the lot for a long series of years. This is an implied ratification. 35 Cyc. 963; *Johnson* v. *Cedar School Corporation,* 117 Iowa 319, 90 N. W. 713; *Jones* v. *Iosco School District No. 3,* 110 Mich. 363, 68 N. W. 222; *Haney School Furniture Co.* v. *School District,* 133 Mich. 241, 94 N. W. 726; *Keyser* v. *Senapee District No. 8,* 35 N. H. 477.

The board should have taken a written lease from defendant, and should have kept a record of its proceedings. But its failure to do so certainly can not defeat the rights of defendant. The burden is on plaintiff to prove its case, and it has signally failed to prove any kind of an agreement with defendant which would give it a right to occupy her lot. If the contract proven by defendant's testimony is not the one on which the board acted, there was no contract whatever.

Mrs. Harvey testifies that she was to receive no other consideration for the use of the lot than the building, when it ceased to be used for public school purposes. The character of the building, the length of time the board of education made use of it, taken in connection with the rental value of the ground, prove that the consideration for the use of the land was indeed very reasonable. Sec. 33, ch. 45, Code 1899, authorizing boards of education to sell school houses that are not needed for public schools, and giving the purchaser right to remove them in certain instances, has no bearing upon this case. The legislature cannot empower a board of education to sell property that it does not own. The statute presupposes title in the board for the public use.

There is no proof whatever to sustain plaintiff's case, and the judge was justified in directing a verdict for defendant. We affirm the judgment.

*Affirmed.*

BRANNON, JUDGE:

I agree to the decision, but not to point 2. I question the power of a board of such narrow power, which must act in a body to constitute an agent with power to finally bind it, in absence of ratification. Point 2 is too broad.