## IRENE B. BULLIS WOOD v. SCHOOL DISTRICT NO. 73, AITKIN COUNTY.[1]

### June 8, 1917.

### Nos. 20,260—(94).

**School board meeting — notice invalid under the statute.**

> The notice required by G. S. 1913, § 2745, to be given members of a school board of a meeting of the board, must be a personal notice, must be given or authorized by the proper authority, and must be sufficient to give the member a reasonable opportunity to attend the meeting. Whether it must be in writing is not decided. The notice attempted to be given a member of the board in this case, stated in the opinion, was not a sufficient or legal notice.

Action in the district court for Aitkin county to recover $495 for breach of contract entered into at a regularly called meeting of the trustees of defendant district held on February 18, 1915. The answer denied that any meeting of the school board of defendant district held on that day was a regularly called meeting, or that the members had legal notice of that meeting. The case was tried before Wright, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order granting defendant's motion for judgment notwithstanding the verdict, plaintiff appealed.    Affirmed.

*F. W. Allin,* for appellant.

*Tailor & Anderson,* for respondent.

BUNN, J.

Plaintiff brought this action to recover damages for the breach by defendant of a contract to teach its school. The question in the case was as to whether a valid contract had been entered into. This depend-

[1]Reported in 162 N. W. 1081.

ed wholly on whether sufficient notice of the meeting of the school board at which it was executed had been given to Martin Meyers, chairman of the board. The jury returned a verdict for plaintiff; the court, on defendant's alternative motion, granted judgment for the defendant notwithstanding the verdict, and plaintiff appealed.

The only question involved on this appeal is whether the trial court was correct in holding as a matter of law that Meyers had no legal notice of the board meeting. The facts that bear upon this question are as follows: The school board was composed of Martin Meyers, chairman, Tom Gallea and Mrs. Cora Stone. In February, 1915, Mrs. Stone, as clerk of the district, received a written application from plaintiff for employment as the teacher of the district school for the district school year beginning August 30, 1915. Plaintiff followed up her application by a personal visit to the district. Mrs. Stone arranged for a meeting of the board at her home between 7 and 8 o'clock on the morning of February 18. The only notice that Meyers had of this meeting was given him by plaintiff herself a few moments before the meeting was to be held. Plaintiff was to leave town by an early train. She went to the house of Meyers, which was just across the road from the Stone home, and found him coming out from the barn. Her testimony is that she told him she was Mrs. Wood, was making application for the school, and was leaving that morning; that she would like to know if she was to have the school before she went; that Mrs. Stone, "was then at that time * * * calling a meeting," that Mr. Gallea was already there, "and we want you to come over." She testified that Meyers made no reply, and that she said nothing more except to ask, "You haven't time?" at which he shook his head and answered "No." Plaintiff then left for the Stone home, where the contract was immediately executed, signed on behalf of the board by Gallea and Mrs. Stone. Meyers was not present.

G. S. 1913, § 2745, is as follows:

"A majority of the school board shall constitute a quorum, but no contract shall be made or authorized except at a meeting of the board of which all members have had *legal notice.*"

The statute does not define "legal notice." It does not say whether the notice must be in writing, or whether it may be verbal notice, by

whom it must be given, or how long before the time set for the meeting. Counsel for plaintiff agrees that the notice must be personal, that it must be official in the sense that it be given or authorized by the proper authority. There is no doubt also that the notice must be a reasonable one as to the length of time before the meeting. Counsel for defendant claims that a written notice is necessary. No case in this state decides this question, or is helpful to its decision. Lord v. City of Anoka, 36 Minn. 176; 30 N. W. 550, holding that written notice of a special meeting of the city council was required is decided on the language of the statute, which seems to demand such a holding. The members of the court are not in accord as to whether written notice of a special meeting of a school board must be given its members, but are all agreed that the notice attempted to be given Meyers in this case was not "legal notice." For these reasons we do not decide that a verbal notice, as, for instance, one given over the telephone, may not be sufficient. The authorities in other states seem to be in conflict on the question. Burns v. Thompson, 64 Ark. 489; Gallagher v. School Township of Willow, 173 Iowa, 610, 154 N. W. 437; Independent School Dist. of Switzer v. Gwinn, 176 Iowa—, 159 N. W. 687.

The notice given Meyers was not a legal or sufficient notice for at least two reasons: In the first place it was not given by one with authority to give it, but by a third person who was vitally interested in having the meeting held at once. Secondly, the time given was wholly unreasonable. Meyers was hardly bound to quit the work he had started to do and rush over to attend a suddenly called meeting of the board. The notice should have given him a reasonable opportunity to attend the meeting. It did not.

Order affirmed.