ADELAIDE HLAVKA v. COMMON SCHOOL DISTRICT NO. 83, McLEOD COUNTY, AND OTHERS.[1]

June 22, 1934.

No. 29,970.

W. E. Reyerson and Elmer C. Jensen, for appellant.
William O. McNelly, for respondent.

I. M. OLSEN, Justice.

Plaintiff sues to recover for services performed as teacher of defendant school district for the eight months' school year commencing October 9, 1933. The school year had but recently commenced when this action was brought, and the judgment from which this appeal was taken was entered on January 3, 1934. But at the opening of the trial it was agreed by counsel representing the parties that the case should be tried on the merits so as to involve the entire school year, this to be without prejudice to defendants on their

[1] Reported in 255 N. W. 820.

defense, which' was that plaintiff had not been legally employed by the district and had, on the first day of the school year, on October 9, 1933, been duly notified to discontinue teaching in said school. No other cause is shown for the attempted discharge of plaintiff. She did not discontinue teaching and apparently has continued to teach the school of the district up to the end of the school year, terminating about June 1, this year. The court found for plaintiff, and defendant school district appeals from the judgment thereupon entered.

■ The question presented to the trial court and to this court is whether the plaintiff was legally hired by the school district for the school year in question. She had been employed as teacher in this school and taught therein during the next preceding school year. Her qualifications are not questioned. The district is a common school district and has a board of three trustees, as provided by statute, to conduct its business. On April 6, 1933, the three trustees met at the schoolhouse of the district to consider the hiring of a teacher for the next school year. The meeting was called by the chairman. The notice of the meeting was informal. The notice to one of the trustees was in writing. The notice to defendant A. LaMothe was by verbal message. All three trustees responded and were present and took part in the meeting. The court found as facts that at this meeting the plaintiff was hired by said school board as teacher for the next school year of eight months, at $45 per month, and was so informed by the chairman of the board; that thereafter, on May 4, 1933, a regular teacher's contract was entered into by the school board, by its chairman and treasurer, and this plaintiff, for such employment for eight months, for the school year of 1933-1934, to commence October 9, 1933, at a salary of $45 per month. The defendant A. LaMothe, the clerk of the school board, refused to sign the contract.

The proceedings at the meeting on April 6 were quite informal. There is evidence that the question of whom to hire as teacher was duly considered; that defendant LaMothe took part therein and suggested two teachers who could be hired for $60 or $65 per month. The two other members of the board considered this too much to

pay. One of them then asked the plaintiff, who was then holding school in the building, what salary she would accept, and she informed the board that she would teach for $45 per month. The two board members other than LaMothe then informed plaintiff that she was hired. LaMothe neither assented nor dissented to the hiring. He was instructed to make out a teacher's contract to plaintiff, but failed to do so. He also failed to make any record in his book, as clerk, of what took place at this meeting. He declined to sign the contract. The evidence sustains the court's findings that there was a valid hiring and contract.

■ The main contention of appellant is that the verbal notice to LaMothe of the April 6 meeting was invalid and that a written notice stating, among other things, the object of the meeting was required.

In small country common school districts such as this, school board meetings are more or less informal. The statute does not specifically prescribe the procedure at such meetings. There must be sufficient notice to the members of special meetings, and, without such notice, the board cannot act in the absence of any one or more members who have not received such notice. As held in McNolty v. Board of School Directors, 102 Wis. 261, 78 N. W. 439, the board members must all be present and confer together or must all be properly notified of the meeting.

When all members are present and take part in the meeting, the acts of the majority are binding upon the board and the district in matters on which the board has power to act. If all the members are present and take part in the meeting, irregularity in giving notice of the meeting is waived. As said in State ex rel. School Dist. No. 94 v. Tucker, 39 N. D. 106, 112, 166 N. W. 820, 821:

"It is no doubt the law that in such a case, and where there is a failure to give the statutory notice, if all members of the board are present and participate, the action of the board will be controlling."

As held in Schafer v. School Dist. No. 1, 116 Mich. 206, 74 N. W. 465, if all members are present and no objection to want of notice is made, notice is waived.

All members of the board being present at the meeting on April 6 and no objection being made to the notice, the irregularity was waived.

When all the members of the board are present, official action may be taken, although the meeting be not formally called or the action formally recorded in the minutes. Butler v. Joint Sch. Dist. No. 4, 155 Wis. 626, 145 N. W. 180; and see Hanna v. Wright, 116 Iowa, 275, 89 N. W. 1108; Lawrence v. Traner, 136 Ill. 474, 27 N. E. 197.

There is some claim by LaMothe that nothing was decided at the meeting and that in any event he took no part. There is evidence sufficient to show that he did take part in the meeting, and that the majority members of the board did at the meeting agree with plaintiff that she was hired as teacher for the next school year, but that LaMothe, for reasons not disclosed by him, was opposed to such hiring.

The case of Wood v. School Dist. No. 73, 137 Minn. 138, 162 N. W. 1081, goes only to the extent of holding that where insufficient notice is given to a member of the board and he does not attend the meeting the other members present at the meeting have no power to act. The case does not govern where all members are present and take part in the meeting.

The findings of the court, that the contract of hiring with plaintiff was lawfully made by the board, and its conclusions of law and judgment are held to be sustained by the evidence.

Judgment affirmed.