IND. DIST. OF CENTER, EX REL. HOLMES, V. GOOKIN ET AL.

1. **Schools:** ILLEGAL CHANGE OF SCHOOL HOUSE SITE: REMEDY. Conceding that the school directors in this case acted illegally in purchasing a new site for a school house, and in expending money in erecting a house on the site, yet *held* that, in the absence of any fraudulent intent on their part, a resident tax-payer of the district could not, as relator, maintain an action in the name of the district against the directors to recover a personal judgment for the money so expended; certainly, at least, not without first making a demand on the proper officers of the district to bring such action; *also*, that he could not enjoin the further expenditure of money to fence the site so purchased, nor ask the courts to require the board to relocate the house; but that his remedy was by appeal from the action of the directors to the county superintendent.

*Appeal from Lucas District Court*—HON. DELL STUART, *Judge.*

The facts are stated in the opinion.

*Dungan & Leech,* for appellant.

*T. M. Stuart,* for appellee.

SEEVERS, J.—I. The defendants constitute the board of directors of the independent school district of Center, and the relator is a resident and taxpayer of such district. The petition states that at a meeting of the board in March, 1886, a resolution was adopted by a majority vote changing the

site of a school-house in said district; that the defendant Myers was a member of said board, and he and his co-defendant Gookin voted for such resolution; that said Myers, at the time, was the owner of the land on which the board located the house, and that, by reason of such ownership, he was so interested therein as to make him incompetent to act or vote for said resolution, and, as the same was adopted by his vote, the act of relocation was illegal and void; that the defendants afterwards, by a similar vote, contracted and paid for the erection of a school-house on said land the sum of $420; that the defendants, by a similar vote, purchased and paid said Myers $30 for one acre of land, on which the house was erected,—all of which acts are illegal and void, for the reason that the said Myers was so interested, as above stated, that he could not legally vote for the erection of said house, or purchase of said land; and therefore the money so paid was an illegal appropriation of the money of the district; that, as plaintiff is informed and believes, the said board is about to erect a fence on said land so purchased, and incur other expenses, and will appropriate in payment thereof the money of said district. It is also stated in the petition that said house was so located in "utter disregard of the geographical center of the district, and in disregard of the convenience of the patrons of each portion of the district, either present or prospective." The relief asked is that the defendants "Gookin and Myers may be compelled to repay the plaintiff, the independent school-district of Center, the sum of $450.75, *   *   * and that they be enjoined from spending any more of the plaintiff's funds in and upon said pretended school-house site;" and it is further asked that said defendants, as such board of directors, may be required to hold a meeting, and relocate said school-house. The defendants demurred to the petition upon several grounds; among which is that the petition shows that the relator has no legal right to use the name of the district in this proceeding. On this ground, and others, the demurrer was sustained.

II.   Counsel for the appellant have cited several decisions of this and other courts, holding that a tax-payer may sue out an injunction, *mandamus* or *certiorari*, to restrain an illegal act of the officers of a municipal corporation, or compel them to perform an official act enjoined by law, or to set aside the illegal proceedings of such officers.   In our opinion these cases do not present analogous questions.   In the case at bar, it may, for the purposes of this case, be conceded that an illegal act was done ;  yet it was not done fraudulently or in bad faith.   At most, it was an error of judgment on the part of the defendants, and it is sought to recover personally of them the money expended for the land and school-house, which land and house are the property of, and are retained by, the district.   It is the duty of the board of directors of school-districts to locate and relocate school-houses, and cause such houses to be erected on land belonging to the district, the title of which is to be acquired by purchase or condemnation.   This the defendants did, it will be assumed, illegally. It is not claimed that there is any statute authorizing a tax-payer to bring an action as relator, in the name of the district, to recover a personal judgment against the officers of the district for an illegal act, and upon principle we do not think this can be done in this case.   This action is not brought to set aside the wrongful act, or to enjoin or correct it.   It is based upon the theory that the defendants, when acting officially, committed an illegal act ;  and therefore a tax-payer, in the name of the district, can institute an action to recover of the defendants money of the district illegally expended by them.

It is not averred that the defendants acted fraudulently. At most, they may have erred in judgment.   If one tax-payer may thus bring an action in the name of the district, so may another ;  and at the same time the district may be perfectly satisfied with what was done.   That a tax-payer may bring an action to prevent or correct a wrong done by the directors will be conceded ;  but he cannot, in his own

name, or as a relator in the name of the district, maintain an action to recover a personal judgment against such officer for money illegally expended, without, at least, making a demand on the proper officers of the district to bring such action. As there is no averment of such a demand and refusal, it is clear that this action cannot be maintained, for this reason, if no other. If an improper or injudicious location of the house was made, the remedy of the relator, if he felt aggrieved, was to appeal to the county superintendent, and, having failed to do this, he cannot now enjoin the board from the erection of a fence to properly protect the house ; and for a like reason he cannot ask the courts to require the board to relocate the house, but he must proceed as required by law ; and if such relocation is proper, and ought to be done, the authority vested in the school officers is sufficient for this purpose, if properly invoked.

AFFIRMED.