WEITZ v. THE INDEPENDENT DISTRICT OF DES MOINES
*et al.*

Schools and School Districts : CONTRACT WITH DIRECTOR : VALIDITY. Where the board of directors of an independent school district entered into an agreement for the erection of a school building, and at the same time, and as a part of the same transaction, employed one of its members as local superintendent of construction of such building, at an agreed compensation of a certain per cent. on the contract price, *held* that the agreement with the director was invalid as being against public policy (following *Moore v. Independent Dist.*, 55 Iowa, 654), and that a taxpayer of the district was entitled to an injunction restraining the payment to him of the percentage agreed on, without showing actual fraud. In this case the director employed continued to be a member of the board, and there were no circumstances disclosed which would operate to estop the district from insisting upon the invalidity of the contract.

| 78 | 37 |
| 87 | 82 |
| 78 | 37 |
| e117 | 700 |
| 78 | 37 |
| e133 | 693 |

*Appeal from Polk District Court.* — HON. JOSIAH GIVEN, Judge.

FILED, JUNE 1, 1889.

Action in equity to restrain the payment of money. A demurrer to the petition was sustained, and plaintiff, electing to stand upon his petition, appeals.

*Phillips & Harvison*, for appellant.

*St. John, Stevenson & Whisenand*, for appellees.

ROBINSON, J.—The petition alleges that plaintiff is a citizen and taxpayer of the independent district of Des Moines; that said district is a defendant, and that its co-defendants are the persons constituting its board of directors, its secretary and treasurer; that on or about the twentieth day of June, 1888, said board of directors entered into an agreement for the erection of a new high-school building for the sum of fifty-two thousand, four hundred and twenty-five dollars, and at the same time, and as a part of the same transaction, employed the defendant F. S. Whiting as local superintendent of the construction of said building, at the agreed compensation of two per cent. of said contract price; that Whiting pretends to be acting as superintendent pursuant to his said employment; that he has been paid about one hundred dollars on account of said employment, and that defendants, unless restrained, will pay him the remainder of his alleged compensation; that when said agreement for the erection of a school building was entered into, and when Whiting was employed as aforesaid, he was, and ever since has been, a member of said board of directors, taking an active part in its proceedings. The plaintiff asks that defendants be restrained from making further payment to Whiting on account of his said employment, out of the funds of the district. The ground of the demurrer is that the facts stated in the petition do not entitle plaintiff to the relief demanded.

I. It is insisted by appellant that this case falls within the rule announced in *Moore v. Independent Dist.*, 55 Iowa, 654. That case decided that a director could not recover compensation for services rendered officially. It is contended by appellee that the services

contemplated in the employment of Whiting were not those required of him as a director, and that he is entitled to compensation for his services rendered as a private citizen. The distinction which the appellee seeks to draw is not apparent in the petition, and we are unable to distinguish in principle between this case and the one cited. In this case the director was employed "as local superintendent" of the construction of the building; in that, as one of the committee to "oversee the work, and carry the building on to completion."

II. If it be conceded that the services to be rendered by Whiting were not official, was the agreement for his employment valid? That agreement, and the contract for the erection of the building, were a part of the same transaction. It was for the interest of the district to secure for itself a fair contract, on the best terms available. It was the first duty of Whiting to favor such a contract, and to oppose all others, but his personal interests would be promoted by the making of that agreement which would result in the largest pecuniary compensation to himself. His interests, and those of the district, were therefore of a nature to conflict. The district was entitled to have the disinterested judgment and vote of each member of its board of directors in the transaction in question. In our opinion, it would be most unwise and contrary to public policy to permit a board of directors to contract with one of its members in the name of the district. Such an agreement would in fact be between a portion of the members of the board on the one side, and a director as contractor on the other, and the contract might be determined by his own vote. Such a practice would give opportunity for the grossest frauds. Secret understandings might be entered into between a majority of the members of the board by virtue of which different contracts might be parceled among them to the prejudice of the district. Even in the absence of such an understanding, a member of the board might, and often would, exert an undue influence on his official associates by virtue of his position. It is said that no fraud is charged in this case, and that at

most the district only has an election to avoid the con-
tract, and that a citizen cannot be heard to complain.
But the district acts through its board of directors, and,
if a majority of that board have entered into an agree-
ment with knowledge of all material facts, it is fair to
presume that they will not attempt to rescind it, and the
district would be without remedy.   What we have said
would not apply to a case where the contractor had
ceased to be a member of the board, and, where there is
a substantial ratification of the agreement by a compe-
tent board.  · Cases might also arise where the district
would be estopped from asserting the invalidity of the
contract; but this is not a case of that kind, so far as
the record discloses the facts.   Nor do we think the
resident taxpayer should be compelled to show actual
fraud in the contract in order to have it annulled.   To
require that would be to impose an obligation which
would make the obtaining of relief impossible in most
cases, however gross the fraud might in fact be.   In
this case the agreement may have been fair, and for the
benefit of the district, but we are of the opinion that a
sound public policy demands that agreements of the
class to which it belongs be held to be  invalid.   *People
v. Township Board*, 11 Mich. 222; Story, Ag., sec. 210.

REVERSED.