HENRY KAGY, Appellant, v. THE INDEPENDENT DISTRICT OF WEST DES MOINES *et al.*, Appellees.

**Illegal Contract by School Officers:** *No recovery of money, after full execution 'of contract.* Where contracts by school-district officers for the purchase of materials for the district, and for additions to school buildings, without first being authorized by the electors, and without obtaining the county superintendent's approval of the plans adopted, as required by law, have been fully performed by both parties, though some of such contracts were made with relatives of the officers, and where the officers have paid from the district fund the expenses incurred by a law suit resulting from their expelling a pupil, a tax payer of the district, and in its behalf, cannot maintain a suit for the recovery of the moneys so expended; there being no claim that the officers acted corruptly or fraudulently, or paid more than a reasonable amount.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

WEDNESDAY, APRIL 9, 1902.

ACTION in equity to declare void certain contracts entered into by the board of directors on the part of the defendant school district, and to enjoin payment upon said contracts, and for other relief. The district court dismissed the petition, and plaintiff appeals.—*Affirmed.*

*A. D. Pugh* for appellant.

*Geo. F. Henry* for appellees.

WEAVER. J.—This action is brought by a resident tax-payer of the defendant school district against its president, directors, secretary, and treasurer, alleging that certain purchases made and expenses incurred by the board of directors were without warrant or authority of law, and asking that payment be enjoined, or, if already made, that judgment be had against the defendants for the return of the moneys so expended. Certain other persons with whom the dealings complained of were had are made parties, and judgment is asked against them for a return of the money received. The defendants admit the expenditures mentioned in the petition, but deny all other allegations therein made.

To avoid undue length of statement, the expenditures alleged to be wrongful and unauthorized may be grouped as follows:

(a) The defendant W. C. Harbach during the period covered by said dealings was a member of the board of directors, and was at the same time employed in some capacity in a furniture store kept by his father, Louis Harbach. During his term of office the board of directors purchased furniture of Louis Harbach to the amount of $1,172.83.

(b) The defendant Louis C. Kurtz was president of the board of directors, and was at the same time employed in some capacity with or for his son, L. H. Kurtz, a hardware dealer and plumber. During his term of office the board of directors purchased materials of the said L. H. Kurtz to the amount of $3,778.82.

(c) The defendant J. D. Rowen was a member of the board of directors, and at the same time engaged, either alone or in company with others, in the business of job printing. During his term of office the board of directors let to him, or to the firm in which he was a partner, numerous jobs of printing, aggregating $1,025.79.

(d) Certain annexes to school buildings in the defendant district were constructed without first being authorized by a vote of the electors, and without obtaining an approval of the county superintendent of the plans adopted, and without observing other requirements imposed by the statute in such cases.

(e) The board of directors became involved in litigation over its act in suspending or expelling one Bacon from the schools of the district, and caused the expenses thus incurred to be paid out of the district treasury.

(f) It is also charged that, unless restrained therefrom, the board of directors will cause the expenses incurred by them in defending the present action, to be also paid from said treasury.

The matters stated in the foregoing paragraphs are admitted, or shown without dispute. Plaintiff further claims that the defendant W. C. Harbach is a partner in, or part proprietor of, the furniture business of his father, Louis Harbach, above mentioned, and that the defendant Louis C. Kurtz is a partner in, or a part proprietor of, the hardware and plumbing business conducted in the name of his son, L. H. Kurtz; but these allegations are denied, and their truth is not sufficiently established by the evidence. All of the contracts of which complaint is made have been fully performed, and all of the bills and expenses referred to, except the sum of $47 to Louis Harbach, were audited and paid before the commencement of this suit. The transactions between the school district, or the board of directors in its behalf, with Louis Harbach, L. H. Kurtz, and J. D. Rowen, cover periods of 1½ to 2½ years. There is no allegation that, in any of the transactions mentioned, the board or its members acted fraudulently or corruptly. So far as shown, no concealment was practiced concerning these matters, and the records of the district were at all times open and accessible to its citizens.

I.    The appellant presents a citation of authorities in support of his right to maintain this action in his own name on behalf of the district, but as that question is not raised by the pleadings, nor urged in this court by the appellee, we do not undertake to pass upon it.    But see *Independent Dist. v. Goodkin*, 72 Iowa, 387.    Assuming, then, for the purposes of this case, that such an action is maintainable, do the facts established by the evidence entitle him to recover?    The demand for a money judgment being dependent upon the same circumstances which are relied upon as the basis of equitable relief, we proceed at once to their consideration.

II.    If plaintiff is permitted to maintain the suit, it is not in his individual right, but as the representative of the district whose interests are alleged to be jeopardized by the inefficiency or maladministration of its officers.    He therefore stands in court with no other or higher right than the district itself could claim were the action prosecuted in its own name.    The dealings of which he complains have been fully consummated.    The district has received and accepted the buildings, materials, labor, and supplies contracted for, and has paid the stipulated consideration. The things furnished and the expenses incurred are in each instance (unless we except the expenses of the Bacon litigation) such as the board could have rightfully contracted for if the preliminary steps had been properly observed. It is not claimed, nor is it shown, that in any instance (with the one exception above noted) the district did not receive full and fair value for its money.    Under these circumstances, does the fact that the directors, by mistake or design, made certain improvements or additions to a school house, as "repairs," when they should properly have submitted the question to the electors, or that in procuring necessary supplies they dealt with a member of the board, or with some relative of a member, afford any sufficient ground for an action to enforce a repayment of the money

so expended? We think it does not. We agree with the appellant that the policy of the law forbids a member of the board of directors becoming a party to, or the beneficiary of, any contract made by such board; and had the plaintiff, or any other citizen of the district, seen fit to sue out an injunction in due season, at least a part of the expenditures complained of would have been promptly restrained. But as we have already said, the school buildings, the plumbing, the repairs, the furniture, the printing, have been received, and paid for, at prices not shown to be excessive. An injunction to forbid an act already accomplished would be an idle form. Shall the district, then, while keeping and enjoying the fruit of the contracts which it says were illegal and void, have judgment requiring the money paid upon such contracts to be returned to its treasury, and that, too, without any suggestion of a willingness to place the other parties in *statu quo*? There are cases which hold that money paid upon a contract entered into by public officers in violation of an express statute, or where the money is paid for a purpose that is in itself illegal or immoral, may be recovered, without returning the consideration received; but we think that no such recovery has ever been sustained where the contract is assailable only as against public policy, because of having been made with one who stood in a fiduciary or official relation to the corporation with which he contracted, and the corporation retains the fruits of the contract sought to be repudiated. This doctrine is expressly recognized in *Berka v. Woodward*, 125 Cal. 119 (57 Pac. Rep. 778, 779, 45 L. R. A. 420, 73 Am., St. Rep. 31); *City of Concordia v. Hagaman*, 1 Kan. App. 35 (41 Pac. Rep. 134); *Gardner v. Butler*, 30 N. J. Eq. 702; *Currie v. School Dist.*, 35 Minn. 163 (27 N. W. Rep. 922); *Pickett v. School Dist.*, 25 Wis. 558 (3 Am. Rep. 105); and many other authorities referred to in these cases. If an agent to sell sells to himself, or an agent to buy buys of himself, the contract is not void, but

voidable at the option of his principal; and, if the principal exercises his right to avoid the transaction, he must return the benefits, if any, he has received from the unauthorized act.   Story, Agency, 246, note 2.   It is to be borne in mind that this is not an ordinary action for debt or damages, but in equity, and it is "the most venerable maxim of the law that he who seeks equity must do equity."   *Allen v. Wall*, 7 Wash. 316 (35 Pac. Rep. 65); *De Walsh v. Braman*, 160 Ill. 415 (43 N. E. Rep. 597); *Parsons v. Nutting*, 45 Iowa, 404.   In obedience to this maxim, courts will often refuse to recognize or enforce a naked legal right where the result would be manifestly unjust or unconscionable, or the party claiming the benefit of such right makes no offer on his own part to do that which the principles of natural justice and equity demand. · It is a general principle of equitable relief that the party against whom the relief is sought shall be remitted to the position he occupied before the transaction complained of. *Neblett v. MacFarland*, 92 U. S. 101 (23 L. Ed. 471). There is nothing morally wrong or inequitable in saying to a school district that it must pay a fair consideration for benefits received, before it will be permitted to repudiate an executed contract by virtue of which it has obtained, and continues to hold, something of substantial value.   It is held even in courts of law that a school district receiving, accepting, and using the benefits of an unauthorized contract for the building of a school house will be held to have ratified it, and thereby to have bound itself to make due payment.   *Bellows v. District Tp.*, 70 Iowa, 320; *Dubuque Female College v. District Tp. of City of Dubuque*, 13 Iowa, 555.   See, also, *Argenti v. City of San Francisco*, 16 Cal. 255; *Allegheny City v. McClurkan*, 14 Pa. St. 81.   It must be borne in mind, however, that the principles and authorities approved in the foregoing discussion are to be considered with especial reference to contracts and transactions which are fully executed, and not as in

any manner casting doubt upon the right of the individual taxpayer to sue out an injunction to prevent the performance of an unlawful contract by a municipality, or the unlawful expenditure of its funds. The right has been often recognized by this court, and is a valuable check upon official extravagance and dishonesty. *Weitz v. Independent Dist.*, 78 Iowa, 37. But the plaintiff's case does not come within the rule of these precedents. The principal cases relied upon by the appellant do not sustain the point made by him, but, in effect, emphasize the correctness of the proposition we have laid down. In *City of Blair v. Lantry*, 21 Neb. 247 (31 N. W. Rep. 790), the money was ordered repaid on condition only that the city reconvey the property for the purchase of which the payment was made. The case of *Egaard v. School Dist.*, 109 Wis. 366 (85 N. W. Rep. 369, was brought to rescind the purchase of a school-house site, for fraud and conspiracy in its purchase, or, in other words, to return to the seller the land bought, and recover the money paid therefor. The case of *Tillinghast v. Merrill*, 151 N. Y. 135 (45 N. E. Rep. 375, 34 L. R. A. 678, 56 Am. St. Rep. 612), was brought against an officer to recover public moneys which he had lost by the failure of a bank, and involves a principle not applicable to this appeal. The money which this court ordered refunded in *Weitz v. Independent Dist.*, 78 Iowa, 37, was paid out in violation of an injunction duly issued, and the holding there announced is not in point. The case made by the plaintiff does not come within the recognized rules of equity, and cannot be sustained. The judgment below was right.

III. In thus disposing of the appeal, we must not be understood as affirming the legality of all the acts of the directors. As already intimated, some of them were manifestly improper and unauthorized. We refer more especially to the dealings between the board and some of its members. They are not to be justified or commended.

We simply decide that, in view of all the circumstances, the money paid cannot now be recovered.

The judgment of the district court is AFFIRMED.