FRANK SHINN, Appellant, v. F. M. CUNNINGHAM, R. V. INNES, Auditor, WM. AREND, Treasurer, AND HENRY BRANDES AND OTHER SUPERVISORS OF POTTAWATTAMIE COUNTY, IOWA, Appellees.

Taxation: DISCOVERY OF OMITTED PROPERTY. A board of supervisors had authority under Code, section 1374, to contract with a party to discover taxable property, which, through fraud or for other cause, had been omitted from taxation.

Contract to Discover: VALIDITY OF. In the absence of evidence
2 of the value of services in discovering for taxation omitted
property, the court cannot say as a matter of law that the con-
tract is unreasonable or the compensation paid excessive.

Treasurer: DUTY TO DISCOVER. A county treasurer is not charged
3 with the duty of discovering property for taxation which has
been omitted by fraud or otherwise.

Champerty. It is competent for a county in making a contract to
4 discover.taxable property to agree as to the payment of the
expenses incurred thereby, and the same is not champertous.

Validity of Contract: SUBSEQUENT LEGISLATION. Chapter 50, Acts
5 of the 28th General Assembly, limiting the compensation for
the discovery of taxable property to fifteen per cent of the tax
recovered did not affect a contract made prior to its enactment.

*Appeal from Pottawattamie District Court.*—Hon. O. D.
Wheeler, Judge.

Friday, May 15, 1903.

The opinion states the case.—*Affirmed.*

*J. J. Hess* and *Ira R. Stitt* for appellant.

*Stone & Tingley* and *Saunders & Stuart* for appellees.

Weaver, J.—On November 13, 1899, the board of sup-
ervisors of Pottawattamie county entered into a contract
with the defendant Cunningham, by the terms of which
the latter undertook to investigate and discover taxable
property in said county which, through fraud or other-
wise, had been omitted from taxation, and report the same
to the proper officers of the county. It was further pro-
vided by said contract that Cunningham should pay all
cost and attorney's fees incurred by the county in making
collections of taxes thus assessed, and as compensation for
his services was to be paid one-half of all the moneys
collected from such taxes. Thereafter the plaintiff, a
resident taxpayer of the county, brought this action in

equity to enjoin the performance of said contract, and the payment of any money thereunder to Cunningham, and as grounds for such relief alleges that the board of supervisors had no authority or power to enter into such an agreement; that the work contracted for required no special skill, and the agreed compensation is excessive, unreasonable, and void upon considerations of public policy; that since the making of said contract a statute has been enacted limiting compensation for such services to fifteen per cent. of the amount recovered; and that section 1374 of the Code of 1897, providing for the collection of omitted taxes, is unconstitutional. The answer of Cunningham admits the making of the contract, and alleges that after the making thereof, and before the commencement of this suit, he had in fact performed the service therein agreed to; that in so doing he expended twelve months' valuable time, and has been to large expense for assistance, all of which was well known to plaintiff, and to the taxpayers generally; and that plaintiff is thereby estopped to deny his right to recover payment. At the close of the trial the court found for defendants, and dismissed the petition. Plaintiff appeals.

I. We had recent occasion to consider the power of the board of supervisors to enter into a contract of this kind under the statute as it existed at the date of the transaction in controversy. *Disbrow v. Board,* 119 Iowa, 537. The conclusion there reached affirmed the existence of such power, and held the agreement not contrary to public policy. It would be unprofitable to review again the authorities upon this feature of the case. No good reason is suggested for overruling the decision there announced, and we are content to recognize its authority.

1. DISCOVERY of omitted property.

II. It is said that the compensation agreed to be paid is excessive and unreasonable, and the contract should

therefore be declared void in the interest of the public.

2. CONTRACT to discover: validity of. While such is the allegation of the petition, and the point is urged in argument, not a word of testimony appears in the record to show the fair and reasonable value of the services. It may be true that fifty per cent. is an excessive compensation for hunting up property escaping taxation by ordinary methods, and collecting the revenue therefrom, but the court cannot presume such to be the fact. It must be proved, and in the absence of any evidence in support of the allegation the appeal presents nothing upon this issue for our consideration.

But counsel say that the work is properly the duty of the county treasurer, and that he could employ deputies to perform it. If this be a material consideration, it may

3. TREASURER: duty to discover. be said the statute does not make it the duty of the treasurer to investigate and discover property omitted from the assessment. It charges him with no duty in repect thereto until he is "apprised" of such omission (Code 1897, section 1374); and the fact that he could, if permitted, employ deputies to do the work confided to Cunningham has no bearing upon the validity of the contract in dispute, nor can we assume without testimony that such method of collection would be less expensive for the county than t ie one which was adopted. The contract has no reference to taxes upon property duly listed or assessed, for the collection of which the proper officers are clothed with ample powers. It assumes the possibility of the existence of property concealed or withheld from assessment, and not in any manner appearing upon the tax books. Plaintiff undertook to make search for and develop the existence of such property, and bring it to the attention of the officer having the legal authority to enter up the tax and enforce collection thereof. If, then, in view of the uncertainty concerning the amount of revenue which may thus be realized, and of litigation

likely to ensue from the enforcement of such measures, the board of supervisors believe it wise to protect the county by a contract providing that plaintiff's compensation for the work thus performed shall be wholly contingent upon the amount of taxes collected, and requiring him to assume the burden of all cost and attorney's fees thus incurred, it is easily possible that this method of discovery and collection may prove the most practicable and least expensive. At least, we cannot say, as a matter of law, that it is unreasonable or unjust.

The further objection that the contract is champertous is not well taken. The agreement, as we construe it, is not of champertous nature. Under the contract both the county and Cunningham were directly interested in collection of these taxes, whether by suit or otherwise, and it was competent for them to agree in advance as to how the expenses thereby incurred should be borne.

**4. CHAMPERTY.**

III. The statute subsequently enacted (Acts 28th General Assembly, page 33, chapter 50), limiting the payment for the discovery of property omitted from taxation to fifteen per cent. of the taxes thus obtained, having become a law after the contract in suit was entered into and the services in part performed, cannot affect the rights of the parties to this litigation. It should further be noticed that the limitation of fifteen per cent. applies to compensation for services rendered and expenses incurred in assisting the proper officers "in the discovery of property not listed and assessed," while by the contract before us the plaintiff undertook not only to assist in "discovering" the property, but also to assume the burden of the expenses, attorney's fees, and costs incurred in enforcing collection of the taxes upon the property so discovered—an obligation much more onerous than is to be implied from the language of the statute. The principle cited in argument that an "officer

**5. VALIDITY of contract: subsequent legislation.**

acquires no vested right in a public office" has no application here, by analogy or otherwise. If the board of supervisors had the power to enter into this contract, as we have held it had, it was not within constitutional power of the legislature to impair that contract, and compel Cunningham to accept a less compensation than was promised him. The valid contract of a municipal corporation is just as sacred from legislative interference or destruction as is one made between individual citizens. No precedent has been noticed to the contrary, and the general principle is too familiar to justify reference to authorities. The question raised as to the effect of this contract upon the rights of school districts, towns, and cities whose taxes are collected by Cunningham we cannot undertake to decide. These municipalities are not in court, and so far as this record shows are not complaining.

It is but fair to appellant to state that at the time this suit was begun some of the principal propositions presented by him had not been definitely settled by this court. The meaning and effect of some of the changes made in the tax statute by the Code of 1897 were then involved in considerable doubt, and became the source of no little litigation.

Decisions since made have foreclosed discussion upon many of the points raised, and robbed this case of much of the importance it would otherwise possess.

The judgment of the district court is right, and is AFFIRMED.