NANCY REED, Appellant, v. F. M. CUNNINGHAM, Defendant
and Appellant, AND THE BOARD OF SUPERVISORS OF LINN
COUNTY, IOWA, et al., Appellees.

**Taxation:** PRACTICE: AMENDED ABSTRACT. An amended abstract
1    filed after the arguments have been concluded will not be
considered, the matter not being jurisdictional.

**Amendment:** MOTION TO STRIKE: REVIEW ON APPEAL. Where
2    there is no ruling by the trial court on a motion to strike an
amendment to a pleading, the motion will not be considered
on appeal; and where the decree based upon such amendment
is treated as a ruling, the propriety of allowing the amend-
ment will not be considered in the absence of an exception or
assignment of error.

**Discovery of Omitted Property:** REASONABLENESS OF CONTRACT.
3    The contract of a board of supervisors made prior to the pas-
sage of Chapter 50, Acts 28th General Assembly, agreeing to
pay for certain services rendered and expenses incurred in
discovering omitted taxable property, a sum equal to one-half
of the tax thus recovered is not void because providing an
unreasonable compensation for the service.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER,
Judge.

TUESDAY, OCTOBER 27, 1903.

SUIT in equity to enjoin defendants from carrying out
a contract made by defendant county and Cunningham,
with reference to the collection of taxes on property
omitted from assessment, to declare said contract illegal
and void, to restrain defendant county from making
further payments thereon, for an accounting of moneys
received by Cunningham from the county, and for a judg-
ment against all the defendants for moneys alleged to
have been misapplied by the county officials.   The defend-
ants admitted the execution of the contract, and tendered

other issues, which, so far as material, will be noticed in the body of the opinion. The trial court found the contract valid, and refused to annul it, but also found that the compensation agreed to be paid was unreasonable in amount, and enjoined the county and its officials from paying any further sum on the contract until the amount already paid was less than fifteen per cent. of the total amount collected. It also decreed that fifteen per cent. was a reasonabe compensation for the services rendered by Cunningham, and defendants were enjoined from paying for such services any amount in excess of fifteen per cent. of the total amount collected. Both plaintiff and Cunningham appeal. As defendant Cunningham first perfected his appeal, he will be called appellant.—*Affirmed in part, and reversed in part.*

*F. L. Anderson* for appellant Cunningham.

*E. C. Barber* and *John A. Reed* for appellant Reed.

*W. O. Clements* for appellee board of supervisors of Linn county.

Deemer, J.—Long after the abstracts and arguments had been prepared, the defendant board of supervisors filed an amended abstract, and a denial of the abstracts, filed by Reed and Cunningham, which shows that some of the defendants were not served with notice of appeal. This amendment, having been filed so long out of time, and after all the arguments had been concluded, must be disregarded. Had it been shown that we are without jurisdiction, doubtless the paper should be considered, but the matter is not jurisdictional, although, if true, it might present a reason for not considering the case. A motion to strike this amended abstract must be sustained.

The contract between Cunningham and the county of Linn is made up of a proposition on the part of Cunning-

ham which was accepted by the board of supervisors on behalf of the county, the material parts of which proposition and acceptance are as follows:

"To the Honorable Board of Supervisors—Gentlemen: I propose to make careful and diligent search for such omitted or concealed property, and honestly and fairly report to the proper officers for assessment and entry on the tax list of all such property, if any, which I shall find to exist, and also careful and diligent search for monies due your county from the state or any other source.

"Your county to pay me for such services a sum equal to one-half of all moneys collected as a result of my said investigation.    All expenses incurred in said investigation, including attorney's fees, to be paid by me.    Payments for my services to be made to me as fast as any monies are paid into the treasury as a result of my investigation. The Auditor to be ordered to issue to me a warrant upon the Treasurer for any sum of money due me upon properly verified accounts being filed with him.

"Respectfully submitted,

"F. M. Cunningham, per Sluss.

"And the board after examining the above proposition, and hearing the evidence, and being fully advised in the premises, finds that an indispensable public necesssity exists for the employment of an experienced and competent person, to make diligent and careful search in this and other counties and states for omitted, concealed and unassessed taxable property, which has been falsely, fraudulently and unlawfully concealed from the proper officers of the said county, the taxes upon which property are lawfully due; and for monies due from the state and other sources.    And it appearing to the Board that Francis M. Cunningham is an experienced person in searching for, and finding such concealed, omitted and unassessed taxable property, and monies due from the state and other sources, now here accepts such proposition."

Under this contract, Cunningham discovered and reported property upon which the sum of $10,962 was collected as taxes. He received as compensation the sum of $3,800, and claims a balance of $1,619 still due. It is estimated that something like $50,000 will be collected as a result of his labors. It also appears that Cunningham's expenses in doing the work undertaken by him were from $2,500 to $3,000.

Practically all the points presented by plaintiff on her appeal have been determined adversely to her in *Disbrow v. Board of Supervisors*, 119 Iowa, 538, and *Shinn v. Cunningham*, 120 Iowa, 383. The ground is there so fully covered that it would be unprofitable to add anything further to the discussion. The only question not determined by these cases is the reasonableness of the compensation agreed to be paid for Cunningham's services. Plaintiff contends that, as the trial court found the contract void because unreasonable, it should have done no more than issue its injunctional decree, or, at most, that an accounting should have been had, and a decree entered ordering Cunningham to return the funds received by him, and a judgment against all the parties for that amount. This is based on the assumption that the court had the right to decree the contract void because unreasonable, and that, having so found, its enforcement should have been enjoined. And there being no claim by Cunningham on *quantum meruit*, a judgment should have been rendered against him and the other defendants for the amount paid out under the contract. On the other hand, Cunningham insists that the issue of unreasonableness was not and is not in the case, and that in any event the court erred in holding the contract unreasonable. While it is true that there was no pleading tendering the issue of unreasonableness when the case was tried, yet it appears that, after the evidence was adduced and the cause submitted, the plaintiff filed an amendment to her

*1. PRACTICE amended abstract.*

petition, pleading the unreasonabless of the contract and some other matters not necessary to be mentioned. The defendant Cunningham filed a motion to strike this

**2. AMENDMENT: motion to strike; review on appeal.** amendment, but the motion does not appear to have been ruled upon, except as the trial court, in its opinion and decree, apparently based its holding on the unreasonableness of the contract. There being no specific ruling on the motion, there is nothing to consider with reference to the filing of this amendment. Should we treat the opinion and decree as constituting a ruling, then, as there was no exception thereto, and as there is no assignment of error, the appellant Cunningham is in no better position. We must treat the amendment to the petition as a proper pleading, and are then brought to the principal point in the case: Was the contract unreasonable? And if so, what relief shall be awarded plaintiff because of its unreasonableness?

It is, no doubt, true that a public corporation authorized to employ an agent or attorney may contract to pay him a reasonable compensation for services rendered or to

**3. DISCOVERY of omitted property : reasonableness of contract.** be rendered by him; but it does not have the power to contract for an unreasonably large or excessive fee or percentage. Of necessity, the representatives of such corporations are vested with considerable discretion in such matters, and this discretion will not ordinarily be interfered with. But when it appears that the board has promised such compensation as to evidence on their part a disregard of public duty, a collusive or corrupt design, or the attempt to perpetrate a willful wrong, it is the right as well as the duty of courts to interfere. These doctrines find support in the authorities. *Waterbury v. City of Laredo*, 68 Tex. Sup. 565 (5 S. W. Rep. 81); *Chester Co. v. Barber*, 97 Pa. 455. There is no suggestion of any fraud or bad faith on the part of the board of supervisors of Linn county in making the contract with Cunningham. The burden of the contention is

that the contract was an improvident one, and so unreasonable that it should be declared void, and the county enjoined from making any further payments thereon. Plaintiff introduced a witness who had had experience in ferreting out and collecting taxes, who testified that fifteen per cent. was a reasonable compensation for doing the work. He, however, gave testimony "after the fact"; and it is not enough, we take it, to show after the contract has been largely performed that the compensation promised was more that it then appears would have been reasonable. We must put ourselves as nearly as may be in the 'position of the parties when the contract was entered into, and then determine the reasonableness of the compensation agreed to be paid, from that eminence. When this contract was entered into, the work was new, and no one seemed to have any adequate conception of the amount of labor involved in its performance. Moreover, it is shown that Cunningham has already expended over $2,500 for clerk hire and assistance in finding omitted property and collecting the taxes due thereon. True, even with this expenditure, the contract will be profitable to him, but it is not the province of courts to annul contracts of municipalities because they were bad bargains. *New Orleans v. Warner*, 175 U. S. 120 (20 Sup. Ct. Rep. 44, 44 L. Ed. 96). In addition to doing the work of searching for concealed and omitted property, Cunningham agreed to pay all expenses incident thereto, including attorney's fees. This should also be taken into account in arriving at the value of the services to be rendered. It may be that for services performed after April 12, 1900, the date of the passage of chapter 50, Acts Twenty-Eighth General Assembly, Cunningham should receive but fifteen per cent. of the amount collected, as provided for in that act; but as no claim of this kind is made in argument, and as there is no showing as to what services were performed after that date, we do not make any definite pronounce-

ment thereon. By the terms of the resolution of. the board of supervisors, Cunningham was to have one year from October 3, 1899, within which to perform his services. In the *Shinn Case, supra*, it is said that the legislature had no power to abrogate this contract. But whatever rule may be adopted, we do not think a taxpayer has any right to complain of payments already made nor to insist upon the alleged unreasonableness of a contract which has been executed in good faith by the employe. The county has had the benefit of the contract, and while a private citizen might, perhaps, enjoin the performance thereof by either party, it is doubtful if he can interfere by injunction after the county has received and accepted the benefits of full performance by the other contracting party. See *Kagy v. Ind. Dist.*, 117 Iowa, 694. Even if the contract were abrogated by the acts of the Twenty-Eighth General Assembly, before referred to, Cunningham would be entitled to the agreed compensation for services performed by him prior to the passage of that act.

We reach the conclusion that plaintiff was not entitled to the relief demanded, or to any relief, and that the trial court was in error in rendering the decree it did.

On plaintiff's appeal the decree is AFFIRMED, and on Cunningham's appeal it is REVERSED.