## YOUNGBLOOD v. CONSOLIDATED SCHOOL DISTRICT NO. 3.

(Messicar et al., Interveners.)

No. 13939—Opinion Filed Nov. 25, 1924.

Schools and School Districts — Contract to Pay Board Member for Superintending Construction of Building—Invalidity.

A contract made by a school district with a member of the district board, by which such district agrees to pay such member of its board a salary or compensation for superintending the construction of a schoolhouse for such district, is void as being against public policy.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by George G. Youngblood for monies expended and services rendered in behalf of Consolidated School District No. 3, Payne County, defendant. Interveners, E. G. Messicar, W. E. Baker, W. S. Hastings, J. H. Clary, Fred Ballard and B. C. Bevin. There was judgment for the interveners as to the items of service rendered during the time the plaintiff was a member of the defendant school board, and judgment for the plaintiff as to the balance of the account. The plaintiff brings error. Affirmed.

C. C. Suman and John P. Hickam, for plaintiff in error.

Wilcox & Swank and Chester H. Lowry, for interveners.

Opinion by DICKSON, C. The parties will be referred to in this opinion as they were designated in the court below.

The plaintiff sued upon a verified account, for $1,705.32, for money expended and services rendered in behalf of the defendant school district in the construction of a school house, between August 23, 1920, and December 10, 1921. The defendant entered a general appearance, but did not defend the suit. The court permitted certain taxpayers of the district to intervene and defend, and the interveners in their answer alleged that at all the times between the

23rd day of August, 1920, and the 10th day of December, 1921, the plaintiff was a member of the board of the defendant school district. The plaintiff replied to this answer, alleging among other things that on the 13th day of July, 1920, at a regular annual meeting of said defendant school district, a motion was made and carried directing that the plaintiff be paid back all money which he had expended, and also a reasonable wage for the work he had done, or that he might thereafter do in superintending the work of constructing a building for said district, and further that on the 12th day of July, 1921, at a regular annual meeting of said defendant school district, a motion was made and carried, to the effect that the plaintiff be paid a reasonable wage for his work on the schoolhouse.

Upon the trial of the case, the evidence established the correctness of the account, and further showed that the plaintiff was the duly qualified and acting clerk of the defendant school district on August 23, 1920, and continued to be such clerk until the 19th day of November, 1921, at which time he resigned. The court entered judgment for the plaintiff for the amount of money expended by him for the use of the defendant school district, and also for the services rendered by him in behalf of said district after the date of his resignation, and denied the balance of the claim upon the grounds that being a member of the board of said district he could not legally make a contract for services in its behalf.

The plaintiff has appealed to this court, and while there are a number of assignments of error, the real contentions are: (1) That the court erred in not striking out the answer of the interveners. (2) That the court erred in holding, as a matter of law, that the plaintiff could not recover for services rendered during the time he was an officer of the defendant.

We agree with the plaintiff in error, that the answer of the interveners was not a sufficient denial of the verified account sued upon: But the allegation contained in said answer to the effect that the plaintiff was an officer of the defendant school district at the time he performed the services for which he sued, in our opinion, stated a defense to the plaintiff's petition, and the court did not err in overruling the motion to strike out.

Under the laws of this state, a consolidated school district is a body corporate, and has such powers only as are conferred upon it by the Legislature. Voorhees, Law

of Public Schools, vol. 18, sec. 21. The services rendered in this case were in the construction of a school building. It appears that the defendant school district had issued bonds and determined to build a schoolhouse; the plaintiff, it appears, superintended the construction of said building. Under section 10342, Comp. Stat. 1921, the annual meeting of the defendant district had power to designate the site for a school house, but this section gives such meeting no power to contract for the construction of a school building. Section 10364 specifically provides that:

"The district board shall * * * build, hire or purchase such schoolhouse as the voters of the district, in a district meeting, shall have agreed upon out of the funds provided for that purpose."

The power to contract for the construction of such schoolhouse is lodged in the district board. School District No. 39 v. Shelton, 26 Okla. 229, 109 Pac. 67. And section 10382, Comp. Stat. 1921, provides that no district board of any school district in this state shall make a contract with any of its members or in which any of its members shall be directly or indirectly interested, and further provides that any contract made in violation thereof shall be wholly void. The plaintiff contends that the action of the electors at the annual meeting amounted to a contract to pay to the plaintiff a reasonable compensation for the services rendered. No statute is pointed out conferring such authority upon the electors, but if such authority existed, it would not strengthen the plaintiff's case; a contract is unlawful which is (1) contrary to an express provision of law; (2) contrary to the policy of expressed law, though not expressly prohibited. Comp. Stat. 1921, sec. 5065. The plaintiff, being a member of the defendant district board, was in duty bound to look after and protect the interest of said district, and he could not legally put himself in a position where his personal interests were in conflict with the interest of the district of which he was an officer. Farmers' & Merchants' Nat. Bank of Hobart v. School Dist. 56, Kiowa County, 35 Okla. 506, 130 Pac. 549; Weitz v. Independent School District of Des Moines et al., 78 Iowa, 37. Section 10393, Comp. Stat. 1921, provides that the funds of the school district shall be disbursed upon warrants issued by the school district board, and that no warrant shall be issued except upon verified claim made under oath, which shall be approved by the district board. In the regular order of things the claim upon which the plaintiff sued should have been presented to and passed upon by the district board, and it is against public policy for an officer of such board to become personally interested in the allowance or disallowance of such claims, he cannot properly serve two masters, his own personal interest on the one hand, and the interest of the district of which he is an officer, on the other.

Having reached the conclusion that there is no theory upon which the plaintiff could recover upon the cause of action sued upon, we recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.