BOARD OF EDUCATION — PURCHASE OF ANNUITIES A board of education may not legally purchase annuities for the school district employees from one who has become a member of such board. The Attorney General has considered your request for an opinion concerning the purchase of annuities for school district employees from a member of the Board of Education. Your question was: "A member of a local board of education wrote annuity policies for some of the school district employees prior to his election to the board "May the board of education now legally purchase these annuities for the school district employees since the person who sold them is now a member of the board?" Title 70 O.S. 5-124 [70-5-124] (1971) states: "No board of education of any school district in this State shall make any contract with any of its members or with any company, individual, or business concern in which any of its members shall be directly or indirectly interested. All contracts made in violation of this section shall be wholly void. A member of a board of education shall be considered to be interested in any contract made with any company, individual, or any business concern if such member of the board of education or any member of his immediate family owns any substantial interest in the same." Also 62 O.S. 371 [62-371] (1971) states: "No board of county commissioners, nor city council, nor board of trustees of any township, or town, nor any district board of any school district in this State shall make any contract with any of its members or which any of its members shall be directly or indirectly interested; and that all contracts made in violation of this section shall be wholly void." Previous Attorney General Opinions have been issued on questions similar to the present one. The relevant part of such opinions follows. Opinion No. 72-180 states: ". . . The very fact that the board member himself is an incorporator of the corporation in question, even though he owns no stock, would cause such interest to clearly fall within the purview of Section 70 O.S. 5-124 [70-5-124] as an 'indirect interest.' "A school district may not legally enter into a contract with a corporation for any purpose where a board member's son is the president and principal stockholder of said corporation and/or the board member himself is an incorporator of said corporation, pursuant to the prohibitions as contained with 70 O.S. 5-124 [70-5-124] (1971)." Opinion No. 69-263 states: "The Board of Education cannot legally purchase insurance by a sealed bid through an insurance agency owned by a board member's brothers and father and in which the board member has a minor interest, under any circumstances." An Oklahoma case Youngblood v. Consolidated School District No. 3, Payne County, 104 Okl. 235, 230 P. 910 (1924) held that it was against public policy for an officer of a district board to become personally interested in the allowance or disallowance of claims; he cannot properly serve two masters, his own personal interest on the one hand, and the interest of the district of which he is an officer, on the other. A California case, Miller v. City of Martinez, 82 P.2d 519 (1938) states the strong policy reasoning behind disallowing any public servant's personal interest in a contract made by him in his official capacity. "The personal interest of an officer in a contract made by him in his official capacity may be indirect only, still such interest would be sufficient to taint the contract with illegality. If his interest in the contract is such as would tend in any degree to influence him in making the contract, then the instrument is void because contrary to public policy, the policy of the law being that a public officer in the discharge of his duties as such should be absolutely free of any influence other that that which may directly grow out of the obligations that he owes to the public at large." It is, therefore, the opinion of the Attorney General your question be answered in the negative. A Board of Education may not legally purchase annuities for the school district employees from one who has become a member of such board. (Joe C. Lockhart) ** SEE: OPINION NO. 77-155 (1977) ** ** SEE: OPINION NO. 80-134 (1980) **