Dear Mr. Burns,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions:
1. What is the standard or test to be applied when determiningwhether a member of a school board is "indirectly interested" in aschool district contract to purchase goods?
 2. Does it constitute a violation of 70 O.S. 5-124 (1971), for a schoolboard member to sell goods to a third person who has contracted to sellthe same goods to the school district?
There are two statutory provisions in Oklahoma that are applicable to the questions presented. Title 70 O.S. 5-124 (1971) provides:
 "No board of education of any school district in this state shall make any contract with any of its members or with any company, individual or business concern in which any of its members shall be directly or indirectly interested. All contracts made in violation of this section shall be wholly void. A member of a board of education shall be considered to be interested in any contract made with any company, individual, or any business concern if such member of the board of education or any member of his immediate family owns any substantial interest in the same.
Title 62 O.S. 371 (1971) provides:
 "No board of county commissioners, nor city council, nor board of trustees of any township, or town, nor any district board of any school district in this State shall make any contract with any of its members, or in which any of its members shall be directly or indirectly interested; and that all contracts made in violation of this section shall be wholly void.
Both enactments remain in effect notwithstanding an amendment that added the last sentence to 70 O.S. 5-124. The July 30, 1949 Attorney General's Opinion (which was reexamined and reaffirmed on March 16, 1955 and reaffirmed in Opinion No. 74-181) viewed the "substantial interest" in the business contracting with the school board as "explanatory of the interest of the legislature with respect to an interest created by ownership (by the member of his immediate family) and does not deter the application of the statute to other forms of interest in such contracts." Both statutes were reenacted in 1971 but without alterations which would require a reanalysis of the former Attorney General's opinions.
In Miller v. City of Martinez, 82 P.2d 519 (Cal. 1938) the California Supreme Court held that an indirect interest in a contract made by a public officer is sufficient to taint the contract and render it void because it is against public policy. The policy being "that a public officer in the discharge of his duties as such should be absolutely free of any influence other than that which may directly grow out of the obligations that he owes to the public at large." In Stigall v. City of Taft, 375 P.2d 289 (1962) the California Supreme Court reaffirmed prior California decisions holding that "the object of the enactments is to remove or limit the possibility of any personal influence, either directly or indirectly which might bear on an official's decision, as well as to void contracts which are actually obtained through fraud or dishonest conduct."
An Oklahoma case, Youngblood v. Consolidated School District No. 3, Payne County, 104 Okla. 235, 230 P. 910 (1924) held that a contract, made by a school district with a member of the district board, by which the board member receives salary or compensation for superintending the construction of a school for the district, is void as being against public policy.
The standard that can be derived from these and similar cases is that it contravenes public policy for a school board member to place himself in a position which is inconsistent with his public function or which interferes with his unbiased performance of his duties or has a tendency to induce him to violate such duty regardless of whether it can be shown that the public actually suffered any detriment. Many previous Attorney General Opinions in Oklahoma support such a standard in defining a conflict of interest. Opinion No. 74-181 defined the purchasing of materials and supplies from a firm or company which employs one of the Board members as an indirect interest sufficient to void the contract. Opinion No. 72-180 states that the fact that a Board member himself is an incorporator of the corporation involved in the contract in question, even though he owns no stock, would cause such interest to clearly fall within the purview of 70 O.S. 5-124 as an indirect interest. Opinion No. 74-259 even went further by holding that where a member of the Board of Education also serves on the board of directors of a private corporation, a public construction contract may not be awarded to such corporation nor may such corporation serve as a subcontractor under such a public contract, where there is an understanding or agreement at the time the principle contract is made.
Opinion No. 73-234 is especially relevant to your second question. Opinion No. 73-234 held that a contract made by the school board with a gasoline retailer who is under contract to purchase gasoline from a wholesaler who serves on the school board is void. The purchases by the school board of goods from a retailer who buys direct from a supplier owned/operated by a school board member is subject to the same prohibitions expressed in Opinion No. 73-234.
The relationship which exists between the person selling to the school district and the school board member is always subject to scrutiny as an attempt to circumvent the clear prohibitions of the law.
It is, therefore, the opinion of the Attorney General that a member ofa school board is "indirectly interested" in a contract let by the boardwhen the member has or is likely to have a pecuniary or personal interestin the contract which interest is likely or would tend to interfere withthe member's objective performance of his public duty. The determinationof whether a board member is "indirectly interested" in a particularcontract is a question of fact to be determined from the circumstances ofeach case. However, where a board member selling goods to another who inturn sells the goods to the school district, such practice is a violationof 70 O.S. 5-124 (1971), and the contracts so made are void.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL