The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: (1) May a Rural Water District Board of Directors enter into a contract with a development corporation which requires the ultimate acceptance of water lines constructed by a board member's employer where the development corporation and the corporation employing the board member are managed and controlled by the same officers? (2) Does the Board member's employment with the construction firm constitute a sufficient direct or indirect interest to render the contract unlawful? Rural Water Districts are created under the Rural Water, Sewer, Gas and Solid Waste Management Districts Act. 82 O.S. 1324.1 [82-1324.1] (1972). Although the Act does not have a specific provision addressing "conflicts of interests" relating to Board members, other statutory provisions directly pertain and provide an answer to your question. Title 21 O.S. 344 [21-344] (1971) provides: Every public officer, being authorized to sell or lease any property, or make any contract in his official capacity, who voluntarily becomes interested individually in such sales, lease or contract, directly or indirectly, is guilty of a misdemeanor. Under the provisions of 82 O.S. 1324.6 [82-1324.6] (1975), the Water Board, upon proper creation, becomes: ". . . a body politic and corporate and an agency and legally constituted authority of the State of Oklahoma . . ." Emphasis added 82 O.S. 1324.7 [82-1324.7] provides for the election of the members of the Board of Directors and, further, makes certain requirements of the board members under penalty of forfeiture of office. It is apparent from the Rural Water Districts Act, that the governing board of the Water District constitutes public officials and are subject to the provisions of 21 O.S. 344 [21-344] (1971). With respect to a possible conflict of interest in the questions posed, it appears that a standard which may be derived from the authorities is that public policy is contravened for a public official of a state entity to place himself in a position which is inconsistent with his public function or which interferes with his unbiased performance of his duties or has a tendency to induce him to violate such duty regardless of whether is can be shown that the public actually suffered any detriment. United States v. Mississippi Valley Generating Co., 364 U.S. 520,81 S.Ct. 294 (1961), 5 L.Ed. 268; Youngblood v. Consolidated School District No. 3, Payne County, 104 Okl. 235,230 P. 910 (1924); Stigall v. City of Taft, Cal., 375 P.2d 289
(1962). Additionally, Attorney General's Opinion No. 74259 (1975) held: "A corporation prohibited from contracting with a board of education under the conflicts of interests statutes may not be exempted from such prohibition because the school board member abstains from discussing or voting on the award of a contract." It is, therefore, the opinion of the Attorney General that a Rural Water District Board of Directors may not enter into a contract with a development corporation which requires the ultimate acceptance of water lines constructed by a board member's employer where the board member has a direct or indirect interest in the contract. A member of a water board is "indirectly interested" in a contract let by the board when the member has or is likely to have a pecuniary or personal interest in the contract which interest is likely or would tend to interfere with the member's objective performance of his public duty. (PATRICIA R. DEMPS) (ksg) ** SEE: OPINION NO. 92-528 (1992) (UNPUBLISHED) ** ** SEE: OPINION NO. 89-572 (1989) (UNPUBLISHED) ** ** SEE: OPINION NO. 88-542 (1988) (UNPUBLISHED) ** ** SEE: OPINION NO. 88-543 (1988) (UNPUBLISHED) ** ** SEE: OPINION NO. 94-603 (1994) (UNPUBLISHED) ** ** SEE: OPINION NO. 80-127 (1980) ** ** SEE: OPINION NO. 80-212 (1980) ** ** (ED NOTE: CONFLICT OF INTEREST) **