The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Does the language in 62 O.S. 371 [62-371] (1971), prohibit the board of county commissioners from entering into a contract with a brother of one of the commissioners for the purchase of a truck to be used in the maintenance and building of roads by the county and for the purchase of gasoline and other maintenance items for county equipment? 2. May a county superintendent of schools sell janitorial supplies and library books to Oklahoma public school districts outside the county in which the individual is superintendent? It should be noted initially that all proper purchasing laws, including but not limited to competitive bidding laws, must be complied with; therefore, this opinion does not address those issues. Title 62 O.S. 371 [62-371] (1971), provides in pertinent part: "No board of county commissioners, nor city council, nor board of trustees of any town, nor any district board of any school district in this state shall make any contract with any of its members, or in which any of its members shall be directly or indirectly interested; and all contracts made in violation of this section shall be wholly void." Additionally, Title 21 O.S. 344 [21-344] (1971), provides: "Every public officer, being authorized to sell or lease any property, or make any contract in his official capacity, who voluntarily becomes interested individually in such sale, lease or contract, directly or indirectly, is guilty of a misdemeanor." Neither of the above statutory provisions defines "direct" or "indirect" interest. Therefore, your question, like the question raised in Opinion No. 64-406, calls for a determination of fact and cannot be answered as a matter of law alone. However, when addressing questions with respect to a possible conflict of interest, it appears that a standard which may be derived from authorities is that public policy is contravened when a public official places himself in a position which is inconsistent with his public function or which interferes with his unbiased performance of his duties or has a tendency to induce him to violate such duty regardless of whether is can be shown that the public actually suffered any detriment. United States v. Mississippi Valley Generating Co., 364 U.S. 520,81 S.Ct. 294, 5 L.Ed.2d 268 (1961); Youngblood v. Consolidated School District No. 3, Payne County,104 Okl. 235, 230 P. 910 (1924); Stigall v. City of Taft, Cal.,375 P.2d 289 (1962). Moreover, Attorney General Opinion 79-202 (1979) held: "A member of a water board is `indirectly interested' in a contract let by the board when a member has or is likely to have a pecuniary or personal interest in the contract which interest is likely or would tend to interfere with the member's objective performance of his public duty." With respect to your second question regarding a county superintendent selling janitorial supplies and library books to school districts outside the county in which he is superintendent, it is also a question of fact as to whether the sale is connected, in any manner, with the superintendent's official capacity so as to constitute a violation of 21 O.S. 1971 344 [21-344]. Moreover, the prohibitions of 62 O.S. 371 [62-371] (1971), do not apply to county superintendents of schools. It is, therefore, the official opinion of the Attorney General that: 1. Pursuant to 62 O.S. 371 [62-371] (1971), the board of county commissioners may not enter into a contract with a brother of one of the commissioners for the purchase of a truck, gasoline or other maintenance items where the commissioner has a direct or indirect interest in the contract. A commissioner is "indirectly interested" in a contract let by the board when the commissioner has or is likely to have a pecuniary or personal interest in the contract which interest is likely or would tend to interfere with the commissioner's objective performance of his public duty. 2. A county superintendent of schools may not sell janitorial supplies and library books to Oklahoma public school districts outside the county in which the individual is superintendent where the sale or contract is in any manner related to the superintendent's official capacity as prohibited by 21 O.S. 344 [21-344] (1971). Whether the contract is related to the superintendent's official capacity calls for a determination of fact and cannot be answered as a matter of law alone. (Patricia R. Demps) ** See: Opinion No. 91-029 (1992) ** ** See: Opinion NO. 89-513 (1989) (Unpublished) ** ** See: Opinion No. 89-572 (1989) (Unpublished) ** ** See: Opinion No. 87-530 (1987) (Unpublished) ** (Ed. Note: Conflict of Interest)